UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                          :
:
-v-                                :           22 Cr. 366 (JPC)
:
PHILOME DUVERNE,                                   :           <u>OPINION AND ORDER</u>
:
Defendant.                  :
:
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On May 15, 2024, this Court sentenced Defendant Philome Duverne principally to a term of imprisonment of 121 months, consisting of concurrent terms of 121 months on Count One and 120 months on Count Two, to be followed by a four-year term of supervised release. Dkt. 83 (Judgment of Conviction) at 2-3; Dkt. 90 ("Sentencing Tr.") at 44:8-11. At sentencing, the Court calculated an offense level of 32, a Criminal History Category of I, and a resulting range under the U.S. Sentencing Guidelines of 121 to 151 months. Sentencing Tr. at 15:16-20. Defendant is currently incarcerated at FCI Lompoc II, with a projected release date of November 28, 2030. *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited October 14, 2025).

      Defendant now moves for a reduction of his 121-month sentence pursuant to 18 U.S.C. § 3582(c)(2) "in Light of the Retroactive Effect of Amendment 821," referring to the 2023 amendment to the U.S. Sentencing Guidelines. Dkt. 96 at 1. He contends that he is eligible for a two-point offense level reduction under Guidelines Section 4C1.1, which was added as part of Amendment 821. *Id.* at 3. The result, Defendant contends, would be an offense level of 30, and he seeks a reduced term of imprisonment of 97 months, which would be at the bottom of the Guidelines range at an offense level of 30 and his criminal history category of I. *Id.*

Title 18, United States Code, Section 3582(c)(2) provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Pursuant to Section 1B1.10(b)(1) of the Guidelines, "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" pursuant to Amendment 821, the Court first "shall determine the amended guideline range that would have been applicable to the defendant if" Amendment 821 "had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). Section 1B1.10(b)(2)(A) then provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." *Id.* § 1B1.10(b)(2)(A).

As noted, Defendant's argument for a sentence reduction relies entirely on the retroactive application of Guidelines Section 4C1.1, which was added as part of Amendment 821. Section 4C1.1 provides a two-point offense level reduction for certain so-called "zero-point offenders," *i.e.*, defendants who have no criminal history points under Chapter Four, Part A, of the Guidelines, and satisfy other criteria under that provision. While Defendant is correct that he meets the criteria for a two-level offense level reduction pursuant to Section 4C1.1, his argument fails for the simple reason that he in fact received that reduction at his sentencing. At Defendant's sentencing on May 15, 2024, the Court's calculation of an offense level of 32 expressly took into account a two-level

2

reduction pursuant to Section 4C1.1.[1] Sentencing Tr. at 14:11-15:15 ("Two levels are reduced, however, pursuant to section 4C1.1, because Mr. Duverne meets the criteria for adjustment for certain zero-point offenders."); *see also* Dkt. 80 (Presentence Investigation Report) ¶¶ 50-60 (arriving at an offense level of 32, which included a two-level reduction pursuant to Section 4C1.1). As Defendant was in criminal history category I given his lack of any criminal history points, the Court determined Defendant's resulting advisory sentencing range under the Guidelines to be 121 to 151 months. Sentencing Tr. at 15:16-20.

Because Defendant already received the offense level reduction that he now seeks, he does not have an amended Guidelines range in light of Amendment 821. His motion for a sentence reduction is therefore denied.

---

[1] In calculating Defendant's offense level under the Guidelines, the Court grouped the two Counts of conviction pursuant to Guidelines Section 3D1.2 because the bail jumping offense in Count Two embodied conduct that was treated as an adjustment to the Guidelines calculation for the fentanyl distribution conspiracy in Count One. Sentencing Tr. at 14:12-16. The Court then explained that the base offense level was 30 under Section 2D1.1(a)(5) and (c)(5) because Defendant's offense in Count One involved at least 400 grams but less than 1,200 grams of mixtures and substances containing a detectable amount of fentanyl. *Id.* at 14:18-22. Two levels were added pursuant to Section 2D1.1(b)(12) because Defendant maintained a premises for the purposes of manufacturing or distributing a controlled substance. *Id.* at 14:23-15:1. The Court imposed a further two-level increase for obstruction of justice under Section 3C1.1 because Defendant removed his GPS monitor and absconded while on pretrial supervision. *Id.* at 15:2-10. The Court also concluded that Defendant was not entitled to a reduction for acceptance of responsibility given his obstruction of justice. *Id.* at 15:11-13. But the Court then reduced Defendant's sentence by two levels because he is a qualifying zero-point offender under Section 4C1.1, *id.* at 15:14-15, which resulted, in the final calculation, in an offense level of 32. *Id.* at 15:16.

    The Clerk of Court is respectfully directed to close the motion at Docket Number 96 and to mail a copy of this Opinion and Order to:

> Philome Duverne
> Reg. No. 95100-509
> Lompoc II FCI – Federal Correctional Institution
> 3901 Klein Boulevard
> Lompoc, California 93436

SO ORDERED.

Dated: October 14, 2025
      New York, New York

                                                  JOHN P. CRONAN
                                           United States District Judge